IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ROGER PICKLER and
MARILYNN PICKLER,

                Plaintiffs,

v.                                                   No. 2:09-cv-02490-cgc

TASTY BUFFET, INC.,

                Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

      Before the Court is Defendant Tasty Buffet, Inc.'s Motion for Summary Judgment (D.E. #24). In the instant motion, Defendant asserts that Plaintiffs' negligence action must fail because they failed to establish the existence of a duty of care owed to Plaintiffs and any breach of duty by Defendant. Plaintiffs respond that they have been unable to obtain certain discovery information and would request an extension of the deadline for completion of discovery. For the reasons set forth herein, Defendant's Motion for Summary Judgment is hereby GRANTED.

      **I. Introduction**

      Plaintiffs Roger and Marilynn Pickler were frequent customers of Defendant's restaurant, Tasty Buffet. (Dep. of R. Pickler at 25). Plaintiffs went to Tasty Buffet for dinner on July 14, 2008 at approximately 4:00 p.m and sat at their "usual" table. (Id. at 23). Plaintiffs "got up," prepared their dinner and drinks, and ate their dinner. (Id.) Mr. Pickler states that he "may have gotten up once or twice to get something more" but does not "remember exactly." (Id.)

      When Plaintiffs finished their meal, Mr. Pickler "tried to get up" in his normal manner and attempted to "slide the chair back, . . . away from the table." (Id. at 24). However, instead of

standing up, Mr. Pickler stated that the "next thing" he realized was that he was "upside down." (Id.) Specifically, Mr. Pickler stated that his back was "still in the chair," that his "feet were up in the air," and that he was in an "uncomfortable position." (Id.)

With respect to the condition of the chair and restaurant, Mr. Pickler stated that he did not have any trouble getting up and down on the previous one or two times he visited the buffet. (Id.) Mr. Pickler did not notice anything at all wrong with his chair before he fell backwards as he was about to leave the restaurant. (Id. at 24-25). Mr. Pickler admitted that he had no knowledge that the chair legs were weak before he fell but knows that the ultimate result was that "the chair tumbled." (Id. at 28-29). Mr. Pickler said that the area around his chair was carpeted, that he "didn't see anything" that "needed to be cleaned up," and that he did not have any knowledge that the floor was "sticky," but that he "did not pay attention to anything like that." (Id. at 25-26, 28).

In conclusion, Mr. Pickler stated that he "cannot give . . . the exact reason why [he] think[s] the chair fell," although he opined that either a spill must not have been cleaned or that the back legs of the chair were weak. (Id. at 74). However, Susan Liao, an employee of Tasty Buffet who "checked" on Mr. Pickler when he fell, stated that there was "nothing on the floor by his chair or by their table that needed to be cleaned up," that there was "nothing wrong with the chair," and that the "chair remained in use at the restaurant." (Liao Aff. ¶¶ 6-8).

On July 14, 2009, Plaintiffs filed their Complaint in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis. The Complaint alleges that Defendant negligently operated their premises by failing to maintain and clean the floors, failing to maintain and repair the chair, failing to provide appropriate "warning signs" of a dangerous condition to patrons, allowing the floor to "remain covered in unidentified substances creating a danger to business invitees," allowing

Plaintiffs to sit in "unsafe chairs," and failing to "properly inspect floors and chairs for defects and safety before allowing customers to sit in or use." Pl.s' Compl. ¶ 6. Plaintiffs allege that Mr. Pickler sustained personal injuries as a result of his fall and request damages of $1.5 million for pain and suffering, medical expenses, loss of enjoyment of life, loss of consortium, loss of income and/or earning capacity, property damage, loss of use and any other damages allowable under Tennessee law.

On April 16, 2010, Defendants filed the instant Motion for Summary Judgment. Defendant asserts that Plaintiffs (1) cannot establish the requisite element of duty of care because no dangerous or defective condition existed on the premises, and (2) cannot establish the requisite element of breach of duty of care because Plaintiffs admitted that they do not know what Defendant did wrong to cause his fall and subsequent injuries. Plaintiffs initially respond that Tennessee law does not permit the Court to grant summary judgment. Further, Plaintiffs argue that they have been unable to obtain discovery information and will request an extension of the deadline for completion of discovery.

**II. Standard of Review**

As an initial matter, Plaintiff's Response to Defendant's Motion for Summary Judgment suggests that this Court should apply the "*substantive* requirements" for summary judgment as set forth by the Tennessee Supreme Court in Hannan v. Alltel Publishing Co., 270 S.W.3d 1 (Tenn. 2008). However, Plaintiff's argument is misplaced. "The Federal Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts, regardless of whether jurisdiction is based on federal question or diversity of citizenship. Summary judgment is a procedural device for deciding a case without the necessity of a full-blown trial. When there is a motion for summary

3

judgment in a diversity case, the provisions of Rule 56 [of the Federal Rules of Civil Procedure] control its determination." Reid v. Sears, Roebuck & Co., 790 F.2d 453, 459 (6th Cir. 1986). Thus, the fact that a state's "procedure for summary judgment has different requirements from Rule 56 is immaterial." Id.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wade v. Knoxville Utilities Bd., 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al.,

4

Federal Practice and Procedure § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

**III. Analysis**

Under Tennessee law, claims of negligence require the following five elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and, (5) proximate or legal cause. Bradshaw v. Daniel, 854 S.W.2d 865, 869 (Tenn. 1993). "The existence or nonexistence of a duty owed to the plaintiff by the defendant is entirely a question of law for the court." Id. In determining whether such a duty exists, a court should consider "whether, upon the facts in evidence, such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of others—or, more simply, whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant." Id.

With regard to premises liability, "[o]wners or occupiers of business premises are not insurers of their customers' safety." Basily v. Rain, Inc., 29 S.W.3d 879, 883 (Tenn. Ct. App. 2000). However, owners or possessors of premises do owe a general duty to use reasonable care to protect their customers from unreasonable risks of harm. Id.; see also Hudson v. Gaitan, 675 S.W.2d 699,

5

703 (Tenn. 1984). "This duty includes maintaining the premises in a reasonably safe condition either by removing or repairing potentially dangerous conditions or by helping customers and guests avoid injury by warning them of the existence of dangerous conditions that cannot, as a practical matter, be removed or repaired." Basily, 29 S.W.3d at 883.

In exercising their responsibility to determine whether a legal duty exists, courts have declined to impose a duty to protect against conditions (1) when no unreasonable risk of harm can be anticipated and (2) when the occupier neither knew about nor could have discovered the condition in the exercise of reasonable care. Id. A risk of harm is unreasonable if the foreseeable probability and gravity of the harm outweigh the burden imposed on the defendant to engage in alternative conduct that would have prevented the harm. Id. The existence of a dangerous condition alone will not give rise to a duty "unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it." Id. (quoting Rice v. Sabir, 979 S.W.2d 305, 309 (Tenn. 1998)). "Thus, plaintiffs in premises liability cases must generally prove that the condition existed for such a length of time that the owner or occupier knew or, in the exercise of ordinary care, should have known of its existence." Basily, 29 S.W.3d at 883-84.

In the instant case, Defendant presented affidavits of Plaintiff Roger Pickler and employee Susan Liao in support of their Motion for Summary Judgment. These affidavits are devoid of any evidence of a dangerous condition at Defendant's establishment. Mr. Pickler stated that he did not have any trouble with his chair during his dinner, that he "did not notice anything wrong with it," that he did not know whether the chair legs were weak, that he "didn't see anything" that needed to be "cleaned up," and that he did not notice whether the floor was "sticky." (Dep. of R. Pickler

at 25-28.) While Mr. Pickler opined that his fall must have been caused because "there had been something spilled on the floor and had not been cleaned up or that the back legs were weak and [he] caught it just right one time," (Id. at 74), neither speculation nor conjecture can overcome a motion for summary judgment. Lewis v. Philip Morris, Inc., 355 F.3d 515, 533 (6th Cir. 2004). Ultimately, when he was asked what "Tasty Buffet did wrong," Mr. Pickler responded, "I don't know. I can't—I cannot give you the exact reason why I think the chair fell." Id. at 74.

Additionally, Susan Liao, an employee of Tasty Buffet that "came to their table after Mr. Pickler fell," stated that there was "nothing on the floor by his chair or by their table that needed to be cleaned up." Aff. of Susan Liao at 1. Further, Liao affirmed that she "checked Mr. Pickler's chair after he got up. There was nothing wrong with the chair. The chair remained in use at the restaurant." Id. Notwithstanding Defendant's affidavits in support of their Motion for Summary Judgment, Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment contains no additional evidence for the Court to consider.[1]

Upon review, the Court finds that there is no evidence in the record that any dangerous condition existed on the premises of Defendant's restaurant. Without any evidence of the existence of a dangerous condition at Defendant's place of business, the Court cannot impose a duty upon Defendant to have either removed or repaired the condition or to have warned Plaintiffs' of the risk

---

[1] With respect to their lack of evidence in response to Defendant's Motion for Summary Judgment, Plaintiffs explain that they have had "unanticipated difficulty and delay in obtaining this information" and will be "forced to request an extension of the deadline for completion of discovery provided in the Scheduling Order." While Plaintiffs did request that the Court amend the Scheduling Order, they did not do so until June 9, 2010— nearly eight weeks after the deadline for the completion of discovery passed. Upon consideration of the Motions to Amend Scheduling Order (D.E. #25, #26), the Court found that Plaintiffs failed to demonstrate excusable neglect under Rule 6 of the Federal Rules of Civil Procedure for failure to comply with the Scheduling Order and failure to request an extension before the Court's deadline had expired. As such, the Court denied Plaintiffs' Motions to Amend Scheduling Order (D.E. #29). Thus, the Court will not deny or defer ruling upon the instant motion due to Plaintiffs' desire to obtain additional evidence because Plaintiffs do not have any further opportunities to conduct discovery to support their negligence claim.

of harm from the condition. <u>Basily</u>, 29 S.W.3d at 883. Thus, Plaintiffs cannot maintain a cause of action for negligence because they cannot establish the requisite element that they were owed a duty of care. Accordingly, Plaintiffs' negligence claim must fail as a matter of law.

### IV. Conclusion

For the reasons set forth herein, Defendant Tasty Buffet, Inc.'s Motion for Summary Judgment (D.E. #16) is hereby GRANTED.

**IT IS SO ORDERED** this 23rd day of June, 2010.

<u>s/ Charmiane G. Claxton</u>
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE